```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| PAULA R. MEDLEY | : |
| v. | :    Civil Action No. DKC 2008-1477<br>Criminal Case No. DKC 2005-0032 |
| UNITED STATES OF AMERICA | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion of *pro se* Petitioner, Paula Medley, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Paper 71). For the reasons that follow, the motion will be denied.

**I.   Background**

On December 7, 2005, Petitioner pled guilty to bank fraud in violation of 18 U.S.C. § 1344, pursuant to a written plea agreement. Count one of the indictment charged that she executed or attempted to execute a scheme to obtain money or funds under the custody of Andrews Federal Credit Union by means of materially false or fraudulent pretenses, representations or promises. The charge carried a maximum penalty of thirty years imprisonment and a fine not to exceed $1,000,000.00. The remaining charges in the indictment were dismissed as part of the plea agreement. On June 16, 2006, Petitioner was sentenced to thirty-seven months imprisonment, three years of supervised release, and was ordered to pay $142,780.15 in restitution.

During Petitioner's plea colloquy, the court thoroughly reviewed the plea agreement with Petitioner.  In particular, the court informed Petitioner that she had "the absolute right to plead not guilty" and asked if she understood that "no one can make you come in here and enter a guilty plea."  (Paper 73, Ex. 2, Guilty Plea Tr., at 6:1-3).

The court also discussed Petitioner's interactions with her trial counsel.  Petitioner informed the court that she and her trial counsel had reviewed the plea agreement, that her counsel had answered her questions, and that she believed that her counsel had spent sufficient time with her.  (*Id.* at 27:23-28:17).  Petitioner also responded affirmatively when the court asked her whether she was satisfied with her counsel's performance.  (*Id.* at 28:20).  The Court also confirmed that Petitioner was not threatened in connection with her plea and was not promised anything to induce her to plead guilty.  (*Id.* at 27:21-22).

The Government and Petitioner agreed to a statement of facts, including that Petitioner defrauded various financial institutions, vehicle finance companies, a mortgage broker, and a mortgage company by using false dates of birth, social security numbers, and other fictitious information to obtain money and property. (*Id.* at 15:6-23:15).  Petitioner agreed that these facts were true and stated that she was in fact guilty of the charged offense. (*Id.* at

23:16-25).  On July 6, 2007, the United States Court of Appeals for the Fourth Circuit affirmed the conviction.

Petitioner filed the pending motion to vacate and set aside her sentence pursuant to 28 U.S.C. § 2255 on June 6, 2008.  (Paper 71).  Petitioner asserts that she received ineffective assistance of counsel with respect to her plea and sentencing in violation of her Sixth Amendment right to counsel.  Specifically Petitioner claims that her counsel was ineffective because: (1) he was aware of information that would have established that the handwriting on the documents at issue did not match the handwriting sample she provided to the court; and (2) he was aware of a witness who had information that would have cleared Petitioner of involvement in the fraudulent scheme.  Petitioner was released from custody on February 2, 2009 and was placed on supervised release.[1]

On June 20, 2008, the court entered an Order directing the United States to show cause why the motion to vacate should not be granted.  (Paper 72).  The Government filed its response in opposition to Petitioner's § 2255 motion on August 4, 2008.  (Paper 73).  The Government argues that Petitioner's claim that she received ineffective assistance of counsel must fail because

---

[1] "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)(citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).

3

Petitioner establishes neither deficient performance nor actual prejudice as required for a successful ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.* at 6).  Specifically, the Government argues that: (1) Petitioner failed to establish that she would not have pleaded guilty and would have insisted on going to trial; and (2) the record amply establishes that Petitioner's plea was a knowing and voluntary one that she discussed with her counsel.  (*Id.* at 6-8).

**II.  Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  On the other hand, "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999)(internal citation omitted).

While a *pro se* movant is entitled to have her arguments reviewed with appropriate consideration, *see Gordon v. Leeke*, 574

4

F.2d 1147, 1151-53 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978), if the § 2255 motion, along with the files and records of the case, conclusively shows that she is entitled to no relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255.

A conviction and sentence based on a guilty plea can only be collaterally attacked on relatively narrow grounds, including that the plea was not voluntary, that the petitioner was not advised by competent counsel, or that the court clearly lacked authority to impose the sentence.  *United States v. Broce*, 488 U.S. 563, 569 (1989).  In addition, statements made by a defendant during a hearing, as mandated by Fed.R.Crim.P. 11, to accept his guilty plea are subject to a strong presumption of veracity, and challenges under § 2255 that contradict these statements may generally be dismissed without an evidentiary hearing:

> "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . .'carry a strong presumption of verity,'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . .  "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" . . .  Thus, in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." . . .  Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule

> 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

*United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal citations omitted).

### III. Analysis

The standards governing constitutionally ineffective assistance of counsel claims are well settled. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test that a petitioner must satisfy to prevail on an ineffective assistance of counsel claim. First, the petitioner must show that counsel's performance was deficient when measured against an objective standard of reasonableness. *Id*. at 687-88. Second, the petitioner must show that counsel's deficient performance prejudiced the defense, by depriving the petitioner of "a trial whose result is reliable." *Id*. at 687.

To establish the first prong, Petitioner must produce evidence that counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." *Id*. at 687. There is a presumption that counsel's actions are strategic trial decisions. *Id*. at 689. The court is thus highly deferential to counsel's decisions and reviews the challenged conduct in light of the totality of circumstances. *Id*. at 689-90.

6

As for the second prong, Petitioner must show that but for his counsel's deficient performance, the result of the proceedings would have been different. *See id*. To establish the second prong, a "defendant [who has pleaded guilty] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner contends that her counsel was ineffective because he failed to introduce testimony and other evidence that would have raised doubts as to the question of guilt. (Paper 71, at 5). Petitioner's claims are undermined by her sworn statements at her Rule 11 hearing. At the hearing, Petitioner agreed to a statement of stipulated facts, which contradicts her new assertions that the handwriting on the documents at issue belonged to a third party and that witnesses had information clearing her of any involvement in the fraudulent scheme. She specifically agreed that she and Mark Wilson applied for the Andrews Federal Credit Union loan and that she provided a false date of birth, social security number and income. The statement of facts also specifically admits participation by Defendant in a variety of transactions. Moreover, at the conclusion of the reading of the stipulated statement of facts, the court asked Petitioner:

> COURT: How many times did you meet with your attorneys to talk about the plea agreement?

7

| | |
|---|---|
| MEDLEY: | About three times — it was more than that. |
| COURT: | Three times plus? |
| MEDLEY: | Yes, ma'am. |
| COURT: | I know that you met with them extensively about the case beyond just the plea agreement. But your recollection is that there were at least three times when you talked about the plea agreement with them? |
| MEDLEY: | It was more than that. |
| COURT: | More than that? |
| MEDLEY: | Um-hm. |
| COURT: | Let me ask it this way. *Have they always had the time that you thought was necessary to talk with you about this case?* |
| MEDLEY: | *Yes.* |
| COURT: | *And have they answered all of your questions?* |
| MEDLEY: | *Yes.* |
| COURT: | *Are you satisfied with the help they have provided you in this case?* |
| MEDLEY: | *Yes.* |

(Paper 2, Ex. 2, Guilty Plea Tr., at 27:23-28:20)(emphasis added). Finally, on page seven of the plea agreement, Petitioner signed her name after the following paragraph: "I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and voluntarily agree to it. . . . *I am completely satisfied*

8

*with the representation of my attorney.*"  (Paper 2, Ex. 1, Plea Agrmt., at 7)(emphasis added).

As noted above, a defendant's sworn statements during a Rule 11 colloquy "'carry a strong presumption of verity,' and require the dismissal of any § 2255 motion relying on contrary allegations absent 'extraordinary circumstances.'"  *Gao v. United States*, 375 F.Supp.2d 456, 464 (E.D.Va. 2005)(quoting *Lemaster*, 403 F.3d at 221-22).  Petitioner's claims fail because she has not alleged any facts that raise doubts as to the verity of her statements during the Rule 11 colloquy.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)(explaining "[s]olemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").  Petitioner's incomplete and conclusory allegations are insufficient.  Petitioner does not identify any detail regarding the handwriting sample that she alleges exists and does not allege that defense counsel was aware of a handwriting sample. Similarly, Petitioner fails to allege any facts demonstrating that Plaintiff identified exculpatory witnesses, and that her attorneys subsequently failed to investigate or sponsor their testimony.  In sum, Petitioner must have more than mere allegations to create factual disputes with the

sworn testimony she offered in her plea proceeding.  Accordingly, Petitioner's § 2255 motion will be denied.

## IV. Conclusion

For the foregoing reasons, Petitioner's motion under § 2255 to vacate, set aside, or correct her sentence is denied.  A separate Order will be entered.

                                                /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge